UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------ X
Gary John,

                                   Plaintiff,        <u>MEMORANDUM AND ORDER</u>

           -against-                      Case No. 08-0141 (TLM)

James Masterson,

                                 Defendant,
------------------------------------------------------------ X

**TUCKER L. MELANÇON, Senior United States District Judge:**

      Before the Court are plaintiff's Motions in Limine to exclude the testimony of Deputy United States Marshal John Stevens [Rec. Doc. 49], exclude evidence relating to defendant's 911 telephone call of December 8, 2005 [Rec. Doc. 50] and exclude the testimony of Captain Albert LaFazia of the Rhode Island Sheriff's Department [Rec. Doc. 51], and defendant's Memorandum in Opposition thereto [Rec. Doc. 54]. For the reasons that follow, plaintiff's first Motion [Rec. Doc. 49] will be DENIED AS MOOT, and plaintiff's second and third Motions [Rec. Docs. 50, 51] will be DENIED.

**I.      Background**

      On September 2, 2005, an arrest warrant was issued by the State of Rhode Island on charges that plaintiff had violated a "no contact" order by attempting to contact his former wife and failing to appear for court proceedings. On the evening of December 8, 2005, defendant, a Deputy United States Marshal, attempted to arrest plaintiff as he was returning to his car in the vicinity of 371-B Piute Lane in Stratford, Connecticut. During this attempt, a struggle ensued, as a result of which plaintiff has been convicted of felony assault on a federal law enforcement officer in violation of 18 U.S.C. § 111(a)(1). Plaintiff alleges that defendant acted unlawfully during this struggle, and

specifically that defendant struck plaintiff on the face with handcuffs, punched his forehead, and struck his rib cage with a flashlight, amounting to excessive force in violation plaintiff's constitutional rights.

## II.    Testimony of Deputy United States Marshal John Stevens

Plaintiff moves to preclude Deputy United States Marshal John Stevens from testifying, under Fed. R. Evid. 403, 602 and 802.  While defendant lists Stevens as a possible witness in the parties' Joint Trial Memorandum, he represents to the Court in his opposition to this Motion that he does not plan to call Stevens at trial.  Plaintiff's Motion will therefore be denied as moot.

## III.   Evidence Relating to Defendant's 911 Telephone Call

Plaintiff moves to exclude the audio tape and transcript of the 911 telephone call made by defendant during the incident at issue, under Fed. R. Evid. 403 and 802.  As the 911 call occurred while the incident was escalating toward violence, *see* Joint Statement of Undisputed Facts [Rec. Doc. 48-1] at ¶¶ 9-11, defendant's statements during the call are both "present sense impressions," *see* Fed. R. Evid. 803(1), and "excited utterances," *see* Fed. R. Evid. 803(2).  The record of those statements is admissible either as a "business record" or a "public record," *see* Fed. R. Evid. 803(6), 803(8)(B); *U.S. v. Suggs*, 266 Fed.Appx. 258, 262 (4th Cir.2008); *Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir.1995).   They will therefore not be excluded as inadmissible hearsay.  As the issue to be determined at trial is whether the force used by defendant was excessive, his descriptions of the events as they unfolded is relevant, and their probative value outweighs any prejudicial value they might have.  *See* Fed. R. Evid. 401-403.  Therefore, the audio tape and transcript of defendant's 911 call may be introduced.

## IV.    Testimony of Captain Albert LaFazia

2

Plaintiff moves to preclude Captain Albert LaFazia of the Rhode Island Sheriff's Department from testifying, under Fed. R. Evid. 403.   As the issue to be determined at trial is whether the force used to arrest plaintiff was excessive, Captain LaFazia's proposed testimony concerning the extent and nature of the efforts undertaken to get plaintiff into custody is important and admissible background evidence.  *See U.S. v. Daly*, 842 F.2d 1380, 1388 (2d Cir.1988) ("Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed").  Evidence concerning the issuance of the warrant for plaintiff's arrest, the fugitive task force that stalked him, and telephone conversations indicating his intent not to surrender are relevant, and their probative value outweighs any prejudicial value they might have.  *See* Fed. R. Evid. 401-403.

## V.    Conclusion

Based on the foregoing, it is

**ORDERED** that plaintiff's Motion in Limine to exclude the testimony of Deputy United States Marshal John Stevens [Rec. Doc. 49] is DENIED AS MOOT, plaintiff's Motion in Limine to exclude evidence relating to defendant's 911 telephone call of December 8, 2005 [Rec. Doc. 50] is DENIED, and plaintiff's Motion in Limine to exclude the testimony of Captain Albert LaFazia [Rec. Doc. 51] is DENIED.

**SO ORDERED.**

Tucker L. Melançon
United States District Judge

May 14, 2010
Bridgeport, CT

3